# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| PABLO RANGEL-RUBIO,<br><br>        Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CIVIL ACTION NO.: 4:22-cr-30 |

### ORDER

Movant Pablo Rangel-Rubio ("Rangel-Rubio") was charged by information for and pleaded guilty to: conspiracy to conceal, harbor, and shield illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); three counts of money laundering, in violation of 18 U.S.C. § 1957(a); and aiding and abetting the retaliation against a witness, in violation of 18 U.S.C. §§ 2 and 1513(a)(1)(A). Dkt. Nos. 1, 17. Rangel-Rubio was sentenced to a total term of 584 months' imprisonment. Dkt. No. 33.

Rangel-Rubio filed a notice of appeal and a motion for leave to appeal *in forma pauperis* on August 2, 2023, and I granted Rangel-Rubio's motion on August 18, 2023. Dkt. Nos. 35, 37, 43. Rangel-Rubio also filed the instant Motion to Vacate, Set Aside,

or Correct under 28 U.S.C. § 2255 on August 10, 2023. Dkt. No. 41.

Rangel-Rubio's appeal was docketed on August 2, 2023, and is still pending. United States v. Rangel-Rubio, No. 23-12530 (11th Cir. Aug. 2, 2023). "'[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal.'" United States v. Smith, No. 5:92-CR-25, 2021 WL 4144757, at *2 (S.D. Ga. Sept. 10, 2021) (quoting United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995)). The district court cannot take "*any* action [regarding] the matter except in aid of the appeal." United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013); see also United States v. Spivack, No. 22-11220, 2023 WL 2591012, at *1 (11th Cir. Mar. 22, 2023) (same). Generally, "the appropriate action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice so that the defendant can pursue his or her collateral remedies when jurisdiction is revested in the district court after disposition of the direct appeal." United States v. McKnight, No. 20-11859, 2022 WL 4692129, at *3 (11th Cir. Oct. 3, 2022).

As it appears Rangel-Rubio likely raises the same grounds on direct appeal and in his § 2255 Motion, the Court **DISMISSES without prejudice** Rangel-Rubio's § 2255 Motion. Once the Eleventh Circuit Court of Appeals resolves Rangel-Rubio's appeal, he may pursue other avenues of relief, if necessary.

**SO ORDERED**, this 5 day of January, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA